By the Court:
The controversy between the parties is determined by section 6355, of the Revised Statutes, which reads as follows :
‘ ‘All taxes of every description assessed against the assignor upon any personal property held by him before his assignment, shall be paid by the assignee or trustee out of the proceeds of the property assigned, in preference to any other claims against the assignor; and every person who *577 shall have performed any labor as an operative in the service of the assignor shall be entitled to receive out of the trust funds, before the payment of the other creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the assignment, not exceeding three hundred dollars. But the foregoing provisions shall not prejudice, or in any way affect, securities given, or liens obtained, in good faith, for value; but judgments by confession on warrants of attorney rendered within two months prior to such assignment, or securities given within such time to create a preference among creditors, or to secure a pre-existing debt, other than upon real estate for the purchase money thereof, shall be of no force or validity as against such clai ms for labor to the extent above provided, in case of assignment.”
In view of all of the provisions of 'this statute, its effect, we think, is to give preference over the mortgages set up in this case, to claims for labor performed for the assignor within the twelve months preceding the assignment, not exceeding three hundred dollars, and to give the taxes priority over the claims for labor. So that, where, as in this case, the mortgages were given within two months prior to the assignment to create a preference or secure a pre-existing debt, the taxes are entitled to priority over the claims of the mortgagees, and should first be paid as ordered by the probate court, although no claims for labor were presented.

Judgment affirmed.